**United States District Court**
For the Northern District of California

1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   DFSB KOLLECTIVE CO. LTD., et al.,  )  Case No. 11-1050 SC
                                       )
8            Plaintiffs,               )  ORDER GRANTING REQUEST FOR
                                       )  LEAVE TO TAKE LIMITED EARLY
9       v.                             )  DISCOVERY
                                       )
10  MICHAEL JENPOO a/k/a/ MIKE JENPOO, )
11  as an individual and doing         )
    business as JENPOO.COM; and DOES   )
12  1-10, inclusive;                   )
                                       )
13           Defendants.               )
                                       )
14                                     )
                                       )
    _____)
15
16  **I.    INTRODUCTION**
17       On March 7, 2011, Plaintiffs DFSB Kollective Co. Ltd, et al.
18  ("Plaintiffs") filed a Complaint against a defendant Plaintiffs
19  identify as Michael Jenpoo a/k/a Mike Jenpoo and doing business as
20  jenpoo.com, as well as ten unnamed defendants (collectively,
21  "Defendants"), alleging copyright infringement.  ECF No. 1
22  ("Compl.").  Plaintiffs seek leave to take limited discovery prior
23  to the required Rule 26 conference in order to identify Defendants.
24  ECF No. 10 ("Ex Parte App.").  For the following reasons, the Court
25  GRANTS Plaintiffs' Application.
26  ///
27  ///
28  ///

**United States District Court**
For the Northern District of California

1   II.   <u>BACKGROUND</u>

2        Plaintiffs are Korean entities that develop, market, and

3   distribute music -- specifically, Korean pop music.  Compl. ¶ 2.

4   Plaintiffs allege Defendants operate a website, jenpoo.com,

5   providing fans of Korean pop music with "a one-stop shop for

6   infringing material."  Defendants allegedly "post, organize, search

7   for, identify, collect and index links to infringing material that

8   is available on third-party websites," and Plaintiffs claim that

9   through this activity, Defendants have contributorily and

10  vicariously infringed Plaintiffs' registered copyrighted works.

11  <u>Id.</u> ¶¶ 2-3, 21.  Defendants allegedly use accounts on the social

12  networking sites Facebook, Twitter, and Myspace -- as well as the

13  online video community YouTube -- to advertise and drive traffic to

14  jenpoo.com.  <u>Id.</u> ¶ 27.  Defendants allegedly profit through this

15  scheme by selling advertising on jenpoo.com.  <u>Id.</u> ¶ 30.

16       Plaintiffs surmise that "Mike Jenpoo" is a fictitious name.

17  Mot. at 7.  Plaintiffs allege that despite spending "a considerable

18  amount of time and resources tracing all known legal names and

19  contact information for Defendant," they have not identified

20  Defendants' names or contact information.  Drey Decl. ¶ 3.[1]

21  Plaintiffs have identified a number of accounts associated with

22  Defendants, including

23           the website located at jenpoo.com; the Facebook
             IDs "MikeJenpoo" and "Jenpoo"; the Twitter IDs
24           "j3npoo" and "JenpooMusic"; the Google AdSense
             ID "pub-9402091111087975"; the YouTube IDs
25           "MrJenpoo" and "Jenpooable"; the Blogspot blog
             jenpee.blogspot.com; the Blogger User ID
26           "Jenpoo"; the Myspace account "Mike Jenpoo";

---

27  [1] Nicole Drey ("Drey"), attorney for Plaintiffs, filed a
28  declaration in support of Plaintiffs' Ex Parte Application.  ECF
    No. 10-1.

2

the Digital Point User ID "MikeJenpoo"; and the email addresses "woobzar123@gmail.com," "mikejenpoo@gmail.com," "wfbbq@gmail.com," and "weijieqing1988@yahoo.com.cn."

Id.

Softlayer Technologies ("Softlayer") is an Internet Service Provider ("ISP") allegedly hosting jenpoo.com, and HostGator.com LLC ("HostGator") is an ISP "which at one point hosted the website located at jenpoo.com." Id. ¶¶ 8, 15. Digital Point Solutions ("DPS") is allegedly an Internet software developer and ISP which operates the forums located at forums.digitalpoint.com. Id. ¶ 14. Plaintiffs attach evidence that appears to show a user, "MikeJenpoo," discussed advertising on jenpoo.com in these online forums. Id. Ex. C ("Pls.' Web Research") at 155.

Plaintiff seeks leave to file a Rule 45 third-party subpoena on eight third-party service providers: SoftLayer, Facebook, Twitter, Google, MySpace, DPS, HostGator, and GoDaddy ("the third-party service providers"), as well as "other necessary entities that may be uncovered during discovery." Ex Parte App. At 2.

## III. **LEGAL STANDARD**

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The requesting party must demonstrate good cause for earlier discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

According to the Ninth Circuit:

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  For leave to conduct discovery to identify a Doe defendant, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information.  Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

IV.  **DISCUSSION**

 A.  **Early Limited Discovery**

The Court finds that Plaintiff has shown good cause for limited expedited discovery.  Expedited discovery is appropriate because ISPs typically retain subscriber logs for only a short period of time before destroying the information.  A third-party subpoena appears to be the only way Plaintiffs can identify Defendants, and Plaintiffs must identify them in order to effect service of process.

The Court finds that Plaintiffs have satisfied the four-factor

4

1    test outlined in seescandy.com for leave to conduct discovery to

2    identify Defendants.  Plaintiff has identified Defendants with

3    specificity by identifying specific e-mail addresses, user IDs, and

4    account numbers.  They have hired investigators and presented the

5    Court with the results of these investigations.  They have

6    established that their Complaint is likely to survive a motion to

7    dismiss.  Finally, with a few exceptions, they have demonstrated

8    that there is a reasonable likelihood that discovery process served

9    on the third-party service providers will yield identifying

10   information.

11          However, the Court does not grant the broad order Plaintiffs

12   seek.  The Court finds that Plaintiffs should be permitted to serve

13   subpoenas on SoftLayer, Facebook, Twitter, Google, MySpace, DPS,

14   and HostGator.  The Court denies Plaintiffs' request to serve

15   subpoenas on MySpace and GoDaddy because Plaintiffs have failed to

16   explain the connection between these entities and Defendants.  As

17   to MySpace, the only connection between MySpace and Defendants is

18   the existence of a MySpace account named "Mike Jenpoo."  Whereas

19   the evidence submitted tends to show that the related Twitter,

20   Facebook, and YouTube accounts were used to drive traffic to

21   jenpoo.com, the MySpace account appears dormant and contains no

22   references to jenpoo.com.

23          While Plaintiffs seek discovery into the contact information

24   associated with a number of e-mail addresses, they do not explain

25   how Plaintiffs came to suspect the holders of these e-mail

26   addresses are related to jenpoo.com.  Having reviewed the evidence

27   submitted, only two -- "mikejenpoo@gmail.com" and "wfbbq@gmail.com"

28   -- appear connected to the allegedly infringing activity.  The

1    Court limits the scope of the subpoenas accordingly.

2        Plaintiffs seek a subpoena commanding the third-party

3    providers to provide the names, addresses, phone numbers, the

4    "identity of Defendant's financial institution[s]," and other e-

5    mail addresses and user IDs.  <u>See</u> ECF No. ("Prop. Order").  The

6    Court denies Plaintiffs' request to compel the ISPs to identify the

7    financial institutions associated with these accounts: the subpoena

8    shall only command the production of the names, addresses, phone

9    numbers, e-mail addresses, and physical addresses associated with

10   the accounts.

11       Finally, Plaintiffs seek an order that would allow Plaintiffs

12   to subpoena not only the named third-party service providers, but

13   also "other necessary entities that may be uncovered during

14   discovery."  The Court will not issue such an open-ended order --

15   Plaintiffs may only subpoena the above-mentioned six third-party

16   service providers.

17       **B.**   <u>**Opportunity to Move to Quash or Modify**</u>

18       Federal Rule of Civil Procedure 45 provides that a subpoena

19   may be quashed or modified if it requires disclosure of privileged

20   or "other protected matter," or if it subjects a person to undue

21   burden.  Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv).  As such, the

22   third-party providers shall be required to provide notice of the

23   subpoena to the subscribers so that they have the opportunity to

24   move to quash or modify.

25       **C.**   <u>**Request for Enlargement of Time**</u>

26       Plaintiffs additionally seek a ninety-day extension to effect

27   service of process on Defendants, citing "Defendant's deliberate

28   concealment of his location and evasion of service, not to mention

United States District Court
For the Northern District of California

his likely use of a fictitious identity."  Mot. at 3.  The Court finds that good cause exists for this enlargement of time, and GRANTS the request.

**V.    CONCLUSION**

For good cause shown, Plaintiffs' Ex Parte Application to Take Early Limited Discovery is GRANTED.  Plaintiffs may serve a Rule 45 subpoena on the following entities:

1. SoftLayer Technologies, Inc., formerly The Planet;

2. Facebook;

3. Twitter, Inc.;

4. Google Inc.;

5. Digital Point Solutions; and

6. HostGator.com LLC;

These subpoenas must be limited to the production of documents sufficient to identify the names, addresses, telephone numbers, and e-mail addresses associated with Michael Jenpoo or Mike Jenpoo; the user IDs jenpoo, j3npoo, JenpooMusic, pub-9402091111087975, MrJenpoo, Jenpooable, MikeJenpoo; the website located at jenpoo.com, the blog located at jenpee.blogspot.com; and the e-mail addresses "mikejenpoo@gmail.com" and "wfbbq@gmail.com."

///

///

///

///

///

///

///

1    The third-party service providers shall, in turn, serve a copy
2    of the subpoena and a copy of this Order upon its relevant
3    subscribers within ten (10) days of its receipt of the subpoena.
4    The subscribers shall then have fifteen (15) days from the date of
5    service upon them to file any motions to quash or modify.  If that
6    15-day period elapses without a subscriber filing a motion to quash
7    or modify, the third-party service providers shall have ten (10)
8    days to produce that subscriber's name, address, phone number, and
9    e-mail address to Plaintiffs pursuant to the subpoena.

11    IT IS SO ORDERED.

13    Dated:  June 10, 2011
14                                      _____
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California